UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIRA MORILLO,

                        Plaintiff,

- against -

1199 SEIU BENEFIT AND PENSION
FUNDS and UNITE HERE NATIONAL
RETIREMENT FUND,

                        Defendants.

**MEMORANDUM OPINION &
ORDER**

09 Civ. 8418 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Elvira Morillo, proceeding pro se, appeals the denial of her application for pension benefits by Defendant 1199 SEIU Home Care Employees Pension Fund[1] ("Defendant").  The fund is a benefits plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  Defendant has moved to dismiss the complaint, or, in the alternative, for summary judgment (Dkt. No. 10).  Defendant argues that (1) Morillo's complaint is untimely; (2) Morillo failed to exhaust her administrative remedies; and (3) Morillo is not entitled to pension benefits under the terms of the relevant plans.[2]  For the

---

[1] Defendant -- the product of a January 2002 merger between the Home Care Industry Local 32B-32J-144 SEIU Pension Fund and the 1199 SEIU Home Care Employees Pension Fund – is improperly designated in the complaint as "1199 SEIU Benefit and Pension Funds."  Before filing this lawsuit, Morillo sought pension benefits from both of the predecessor funds.

Unite Here National Retirement Fund is a separate entity from which Morillo has also sought pension benefits.  It has not joined in the motion discussed below.

[2]  In response to Defendant's motion, on July 26, 2010, Morillo filed a "motion to revise and examine all information and make a decision based on all the evidence submitted and my medical records."  (Dkt. No. 19)  In an August 20, 2010 letter to the Court, Morillo clarified that

reasons stated below, Defendant's motion will be treated as one for summary judgment and will be GRANTED.

## CONVERSION TO SUMMARY JUDGMENT

Defendant has styled its motion as one to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint "fail[s] to state a claim upon which relief can be granted." (Fed. R. Civ. P. 12(b)(6); Def. Br. 7)  In considering a motion to dismiss, that challenges the legal sufficiency of a complaint, the Court is limited to "the factual allegations in [the] . . . complaint, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, [and] documents either in plaintiff['s] possession or of which the plaintiff[] had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).  Defendant has submitted certain documents that Morillo can fairly be said to have "relied on in bringing suit," such as letters denying her claim for pension benefits; but it has also submitted documents that fall outside that category, such as an affidavit from the 1199 SEIU Home Care Employees Pension Fund's Chief Pension Director. (Kaiser Aff., Ex. C)

In addition, Defendant has raised two affirmative defenses to Morillo's complaint: it alleges that her action is time-barred and that she has not exhausted her administrative remedies. See Fed. R. Civ. P. 8(c)(1) (statute of limitations is an affirmative defense); Paese v. Hartford Life Accident Ins. Co., 449 F.3d 435, 445 (2d Cir. 2006) (failure to exhaust administrative remedies under ERISA is an affirmative defense).  A complaint may be dismissed on the grounds of an affirmative defense only "'if the defense appears on the face of the

---

her motion was intended as an opposition to Defendant's motion. (Pltf. Aug. 20, 2010 Ltr.)  Accordingly, the Court will treat Plaintiff's submission as an opposition to Defendant's motion.

complaint.'" Reid v. Supershuttle Int'l, Inc., 2010 WL 1049613, at *7 (E.D.N.Y. Mar. 22, 2010) (quoting Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003)).

The Complaint does not address the timing of Morillo's application for benefits or whether she exhausted her administrative remedies.[3]  (Cmplt. ¶ C)  Accordingly, Defendant has asked this Court, in the alternative, to treat its motion as one for summary judgment, which would permit the Court to consider the full administrative record submitted by Defendant.

Federal Rule of Civil Procedure 12(b) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

---

[3] Although the Second Circuit, in Paese, announced that failure to exhaust administrative remedies is an affirmative defense in an ERISA action, rather than a bar to federal jurisdiction, Paese, 449 F.3d at 439, courts in this Circuit have continued to grant motions to dismiss ERISA claims under Fed. R. Civ. P. 12(b)(6) where a plaintiff has failed to allege exhaustion of administrative remedies.  See Kesselman v. Rawlings Co., LLC, 668 F. Supp. 2d 604, 609 (S.D.N.Y. 2009) (granting Rule 12(b)(6) motion to dismiss where ERISA complaint contained only "bald assertions that administrative remedies have been exhausted"); Egan v. Marsh & McLennan Cos., Inc., 2008 U.S. Dist. LEXIS 6647, at *38-39 (S.D.N.Y. Jan. 28, 2008) (granting Rule 12(b)(6) motion to dismiss where ERISA plaintiff "ma[de] no allegations whatsoever that he exhausted any or all administrative remedies available to him under the [plans], and the Court cannot find any allegation from which it can infer that he did so before filing suit").

In a pro se action such as this, however, this Court is required to construe the plaintiff's complaint "'to raise the strongest arguments that [it] suggest[s].'"  Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001)); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("A document filed pro se is to be 'liberally construed.'").  Morillo's complaint states:  "I have been informed that my application for pension benefits has been denied by [defendants]. . . . I disagree with [defendants'] determination. . . . I would like my case to be reviewed." (Cmplt. ¶ C)  Because Morillo is proceeding pro se, this Court will construe her complaint as pleading exhaustion of administrative remedies.

3

Fed. R. Civ. P. 12(b).

With respect to notice that a motion to dismiss may be converted to a motion for summary judgment, Local Civil Rule 12.1 provides that where a represented party moving to dismiss or for judgment on the pleadings has submitted evidence outside the pleadings, the following notice must be provided to a pro se litigant such as Morillo:

> Notice to Pro Se Litigant Who Opposes a
> Rule 12 Motion Supported by
> Matters Outside the Pleadings
>
> The defendant in this case has moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or Rule 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that the defendant has asked the court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). . . .
>
> In short, Rule 56 provides that you may NOT oppose the defendant's motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. . . .
>
> If you do not respond to the motion on time with affidavits or other documentary evidence contradicting the facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial. . . .

Local Civ. R. 12.1

Defendant served the required notice on Morillo, along with its motion, on June 18, 2010. (Dkt. No. 11) Because Morillo was made aware that this Court might treat Defendant's motion as one for summary judgment, and was warned that her case might be dismissed if she did not submit proof rebutting the showing made by Defendant in support of its motion, the Court will consider Defendant's motion as one brought under Rule 56.

## BACKGROUND

Morillo worked as a home-care nurse for ETNA Home Services from January 1983 until January 1991. (Cmplt. ¶ C) ETNA began contributing to the Home Care Industry Local 32B-32J-144 SEIU Pension Fund on September 30, 1991. (Def. Rule 56.1 Stmt. ¶ 7; Kaiser Aff., Ex. C (Kaiser Ltr., Jan. 21, 2009)) Morillo also worked for Jewish Council Home Care from 1982 through 1987, and for Council Human Services from 1992 to 1994. (Def. Rule 56.1 Stmt. ¶7; Kaiser Aff., Ex. C (Kaiser Ltr., Jan. 21, 2009)) On September 30, 1991, both of these entities began contributing to the 1199 Home Care Industry Pension Fund. (Kaiser Aff., Ex. C (Kaiser Ltr. Jan. 21, 2009))

The Home Care Industry Local 32B-32J-144 SEIU Pension Fund and the 1199 Home Care Industry Pension Fund were separately administered until January 1, 2002, when they merged and were renamed the 1199 SEIU Home Care Employees Pension Fund. (Kaiser Aff., Ex. C (Kaiser Ltr. Jan. 21, 2009)) This fund is a defined benefit pension plan administered pursuant to ERISA. (Def. Rule 56.1 Stmt. ¶ 3)

Morillo's complaint alleges that her "application for pension benefits was denied." (Cmplt. ¶ C) Defendant has submitted evidence demonstrating that Morillo made three applications for pension benefits, all of which were denied. On March 16, 1998, Morillo applied to the Home Care Industry Local 32B-32J-144 SEIU Pension Fund for pension benefits, based on her employment with ETNA Home Services between 1983 and 1991. (Def. Rule 56.1 Stmt. ¶ 9; Kaiser Aff., Ex. C (Morillo App., Mar. 16, 1998)) That claim was denied on April 24, 1998. In the decision, the fund manager explained that Morillo did not qualify for pension benefits because she had "retired prior to January 1, 1992." (Def. Rule 56.1 Stmt. ¶ 9; Kaiser Aff., Ex. C (Ellen Kaplan Ltr., Apr. 24, 1998)) The fund manager informed Morillo that she could seek

5

review of this decision by "writ[ing] to the undersigned, within 60 days of the date of this letter, giving your reasons and the facts." (Id.)

Morillo also submitted an application for pension benefits to the 1199 Home Care Industry Pension Fund on April 18, 1998. (Def. Rule 56.1 Stmt. ¶ 9; Kaiser Aff., Ex. C (Morillo App., Apr. 18, 1998)) This application – premised on Morillo's employment with Council Human Services – was denied on June 1, 1998. In the decision, Bernice Weinberg, the director of the pension fund, explained that Morillo was ineligible for benefits because she did not work sufficient hours after 1991 – the year that her employer began contributing to the Fund – to become eligible for pension benefits. (Def. Rule 56.1 Stmt. ¶ 9; Kaiser Aff., Ex. C (Bernice Weinberg Ltr., June 1, 1998)) The fund's letter to Morillo advised: "If you disagree with this decision, you have the right to appeal by writing to the Fund office within 60 days of your receipt of this notice." (Id.)

On September 15, 1999, Morillo submitted another application for pension benefits to the 1199 Home Care Industry Pension Fund. (Def. Rule 56.1 Stmt. ¶ 10, Kaiser Aff., Ex. C (Morillo App., Sept. 15, 1999)) That application – also premised on Morillo's employment with Council Human Services – was denied on February 20, 2000. The fund again explained that Morillo did not have enough vested credits for the time period after 1991 – when her employer began contributing to the fund – to be eligible for pension benefits. (Def Rule 56.1 Stmt. ¶ 11; Kaiser Aff., Ex. C (Bernice Weinberg Ltr., Feb. 20, 2000)) Once again, the fund advised Morillo of her right to appeal the decision and her need to do so within 60 days of receipt of the decision. (Id.)

On August 24, 2000 – more than six months after Morillo had received the most recent decision denying her application for pension benefits – Morillo wrote to the 1199 Home

6

Care Industry Pension Fund arguing that "there was not enough information provided to you in order to adequately process my request for my pension fund."  (Def. Rule 56.1 Stmt. ¶ 12; Kaiser Aff., Ex. C (Morillo Ltr., Aug. 24, 2000))  In her letter, Morillo stated that "Local 32B-32J-144 (union) was combined with 1199," and urged the fund to "contact all these unions so that you can come up with a conclusion as to my rights in my pension funds."  (Id.)  Bernice Weinberg, director of the 1199 Home Care Industry Pension Fund, responded on April 16, 2001.  In her letter, Weinberg noted that the two pension funds at issue – the 1199 Home Care Industry Pension Fund and the Home Care industry Local 32B-32J-144 SEIU Pension Fund – had not merged and that each pension fund was "administered separately."  Weinberg went on to explain that Morillo's "years of service earned for each Fund cannot be combined to give you vesting status."  (Def. Rule 56.1 Stmt. ¶ 13; Kaiser Aff., Ex. C (Weinberg Ltr., Apr. 16, 2001))

Eight years later, on December 18, 2008 – by which time the merger of the two pension funds at issue had occurred -- the U.S. Department of Labor sent a letter to Defendant on Morillo's behalf.  The Department of Labor indicated in its letter that it had received an inquiry from Morillo regarding her entitlement to pension benefits, and asked Michael Kaiser, Defendant's Chief Pension Officer, to review Morillo's work history once again and to forward his findings to Morillo and to the agency.  (Def. Rule 56.1 Stmt. ¶ 14; Kaiser Aff., Ex. C (Dept. of Labor Ltr., Dec. 18, 2008))

In a letter to Morillo dated January 21, 2009, Kaiser explained that that Defendant had come into existence on January 1, 2002, when the 1199 Home Care Industry Pension Fund merged with the Home Care Industry Local 32B-32J-144 SEIU Pension Fund.  (Kaiser Aff., Ex. C (Kaiser Ltr., Jan. 21, 2009))  Because Morillo's periods of employment ended in 1994 – before the 2002 merger – her pension eligibility was determined by reference to "the rules in effect at

7

the time [she] ceased working in covered employment" and her eligibility was not affected by the 2002 merger. (Id.) Kaiser then applied each pension fund's eligibility rules in light of Morillo's years of service and when her employer began making contributions, and explained why Morillo had not earned sufficient pension credits to qualify for a pension under either fund's rules. (Id.)

## DISCUSSION

### I. LEGAL STANDARD

Summary judgment is appropriate only when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Whether facts are material is a determination made by looking to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Whether "[a] dispute about a genuine issue exists" depends on whether "the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (internal quotation marks omitted).

Courts "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001). However, the non-movant "cannot avoid summary judgment simply by asserting a 'metaphysical doubt as to the material facts,'" Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)), and "'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly

fanciful.'" Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)).

Defendant argues that the benefits determinations here are subject to review under the "arbitrary and capricious" standard, because the pension plans in question grant the trustees exclusive authority to determine eligibility for benefits. (See Def. Br. 8 (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989)). The two grounds on which Defendant claims it is entitled to summary judgment, however – statute of limitations and exhaustion of administrative remedies – were not addressed by plan administrators. Accordingly, there is no occasion to apply the "arbitrary and capricious" standard of review, and the Court will consider these issues de novo.

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

"ERISA requires both that employee benefit plans have reasonable claims procedures in place, and that plan participants avail themselves of these procedures before turning to litigation." Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 219 (2d Cir. 2006). In keeping with this requirement, "[u]nless a 'clear and positive showing' is made that it would be futile for the claimant to pursue her claim through the internal claims process, 'that remedy must be exhausted prior to the institution of litigation.'" Id. (quoting Jones v. UNUM Life Ins. Co., 223 F.3d 130, 140 (2d Cir. 2000)).

Where a plan participant or beneficiary has not exhausted her administrative remedies, a plan defendant is entitled to dismissal or summary judgment. See Siemionko v. Building Serv. Benefit Funds, 2009 U.S. Dist. LEXIS 92131, at *15 (E.D.N.Y. Sept. 30, 2009) (granting summary judgment where plaintiff failed to exhaust administrative remedies); Scarangella v. Group Health, Inc., 2009 U.S. Dist. LEXIS 23457, at *24 (same); see also

9

Kesselman, 668 F. Supp. 2d at 609 (granting motion to dismiss where plaintiff failed to exhaust administrative remedies); Egan, 2008 U.S. Dist. LEXIS 6647, at *38-39 (same). Here, Defendant argues that Morillo has not exhausted her administrative remedies.

The two predecessor pension plans at issue here have identical provisions concerning the appeal process for plan participants whose claims are denied. Both plans provide that a plan participant "has a right within 60 days of written notification of claim denial to appeal in writing." (Kaiser Aff., Ex. B, Home Care Industry Local 32B-32J-144 SEIU Pension Plan, § 6.04; 1199 Home Care Industry Pension Fund Plan; § 6.04) Both plans also provide that a plan participant appealing a denial of benefits may "request, if desired, a hearing before the Board of Trustees or a committee thereof for the purpose of carrying out a full and fair review of the claim denial." (Id.)

Morillo submitted an application for pension benefits to Home Care Industry Local 32B-32J-144 SEIU Pension Fund in March 1998, and received a letter dated April 24, 1998, advising her that her application was denied. (Kaiser Aff., Ex. C (Ellen Kaplan Ltr., Apr. 24, 1998)) That letter informed Morillo of her appeal rights and gave her the following instructions: "You must write to the undersigned, within 60 days of the date of this letter, giving your reasons and the facts, to get such a review and response." (Id.) Morillo has not alleged that she pursued an appeal or that it would have been futile for her to do so. (Cmplt. ¶ C) Moreover, there is no evidence in the administrative record that Morillo pursued an appeal. Accordingly, this Court concludes that Morillo did not exhaust her administrative remedies with respect to her claim for benefits from the Home Care Industry Local 32B-32J-144 SEIU Pension Fund.

Morillo also submitted an application for pension benefits on April 18, 1998 to the 1199 Home Care Industry Pension Fund. (Kaiser Aff., Ex. C (Morillo Ltr., Apr. 18, 1998))

10

Morillo's application was denied on June 1, 1998. (Kaiser Aff., Ex. C (Bernice Weinberg Ltr., June 1, 1998))  The denial of benefits letter stated:  "If you disagree with this decision, you have the right to appeal by writing to the Fund office within 60 days of your receipt of this notice. Please see the attached sheet entitled:  'Appealing a Notice of Rejection.'"  (Id.)  Once again, Morillo has not alleged that she appealed the denial of benefits or that it would have been futile to do so.  There is likewise no evidence in the administrative record that she pursued an appeal. Accordingly, Morillo has not exhausted her administrative remedies with respect to her claim for benefits from the 1199 Home Care Industry Pension Fund.

Morillo's later contacts with the 1199 Home Care Industry Pension Fund in September 1999 and August 2000, and her contacts – through the U.S. Department of Labor – with Defendant in 2008, do not constitute appeals of the adverse benefits determinations made by the Home Care Industry Local 32B-32J-144 SEIU Pension Fund in April 1998 and by the 1199 Home Care Industry Pension Fund in June 1998.  Morillo simply did not pursue the appeal options clearly communicated to her by both plans when her initial benefit applications were denied.  Because Morillo has not satisfied ERISA's requirement that "plan participants avail themselves of [established appeal] procedures before turning to litigation," Eastman Kodak, 452 F.3d at 219, she has not exhausted her administrative remedies.  Accordingly, Defendant – the successor fund -- is entitled to summary judgment concerning her claims.  See Siemionko, 2009 U.S. Dist. LEXIS 92131, at *15 (granting summary judgment where plaintiff failed to exhaust administrative remedies); Scarangella, 2009 U.S. Dist. LEXIS 23457, at *24 (same).[4]

---

[4] This Court does not reach Defendant's remaining arguments for summary judgment.  As to statute of limitations, the Second Circuit has stated that discussion of a statute of limitations defense is generally "premature when [a] plaintiff[] ha[s] failed to exhaust [administrative

## CONCLUSION

Defendant's motion for summary judgment (Dkt. No. 10) is GRANTED. The Clerk of the Court is directed to terminate the motion (Dkt. No. 10) and also to terminate Plaintiff's opposition motion (Dkt. No. 19).

Dated: New York, New York
       March 7, 2011

                                        SO ORDERED.

                                        _____
                                        Paul G. Gardephe
                                        United States District Judge

---

remedies]." Reid v. Supershuttle Int'l, Inc., 2010 WL 1049613, at *9 (E.D.N.Y. Mar. 22, 2010) (citing Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 134-35 (2d Cir. 2001)).

As to certain medical records and bills Morillo submitted in her opposition – which concern her varicose veins (see Pltf. Mot. (Dkt. No. 19))– this issue is not before this Court. The Complaint only presents a claim for pension benefits.